**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**JON SANDERS, JR.**                                                             **PLAINTIFF**

v.              **CASE NO. 2:10CV00069 BSM**

**JOHN J. SIEBRASSE and,
U-HAUL INTERNATIONAL, INC.**                               **DEFENDANTS**

## ORDER

The motion of defendant U-Haul International, Inc., ("U-Haul") to transfer to the United States District Court for the Western District of Missouri (Doc. No. 7) is granted because this is not an Arkansas case.

### I. BACKGROUND

Plaintiff Jon Sanders, Jr. ("Sanders") was driving on Highway 5 in Laclade County, Missouri, when he was involved in an automobile accident with defendant John J. Siebrasse ("Siebrasse") who was driving a U-Haul and pulling a trailer. Sanders is a resident of Phillips County, Arkansas, while Siebrasse is a resident of Springfield, Missouri. U-Haul is a Nevada corporation with its principle place of business in Phoenix, Arizona. After the accident, Sanders traveled home and filed suit in the Phillips County Circuit Court, although Siebrasse never availed himself to the jurisdiction of that court. Upon removal, U-Haul moved to transfer venue to the Western District of Missouri and plaintiff opposes the motion.

## II. DISCUSSION

A district court may transfer any civil action to another district court for the convenience of the parties and witnesses. 28 U.S.C. § 1404(a). To succeed on a motion to transfer, the moving party must show that venue is proper in both the transferor and transferee districts, and that transfer serves the convenience of the parties, convenience of witnesses, and interests of justice. *Id.* Courts, however, are not limited to these factors and district courts enjoy wide discretion when determining whether to transfer. *Terra Int'l, Inc. v. Mississippi Chem Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). In the interests of justice, the Eighth Circuit has endorsed consideration of the plaintiff's choice of forum and the advantages of having a local court determine questions of law. *Id* at 696.

Deference is usually given to the plaintiff's choice of venue and the party seeking transfer has the burden of proving that transfer is warranted. *Id.* "Merely shifting the inconvenience from one side to the other is not a permissible reason for change of venue." *R&R Packaging, Inc., v. Gap Roofing, Inc.*, No. 06-5175, 2007 WL 162730, at *3 (W.D.Ark. Jan 18, 2007). The moving party must demonstrate that the relevant factors weigh strongly in its favor. *Austin v. Nestle USA, Inc.*, 2009 WL 5245633, at *7 (D.Minn 2009).

Although the plaintiff's choice of forum is given considerable weight, this consideration is outweighed by the following factors: (1) the accident occurred in the Western District of Missouri, (2) Missouri common law controls the case, (3) all independent witnesses to the accident are in Missouri and not in Arkansas, and (4) the driver of the U-

Haul, defendant Siebrasse, has no connection to Arkansas.

Finally, as those reading this order may know, this judge lives five blocks from the federal courthouse in Helena, Arkansas where this case would be tried if transfer were denied. Indeed, it would be a pleasure to walk five blocks to work instead of driving 120 miles to the Little Rock courthouse, as I do on a routine basis. Although it would be of great convenience to me and to the plaintiff to deny transfer, the above referenced factors favor transfer, and therefore transfer must be granted.

### III. CONCLUSION

For the reasons stated above, U-Haul's motion to transfer (Doc. No. 7) is granted and the Clerk is ordered to immediately transfer this case to the Western District of Missouri.

IT IS SO ORDERED THIS 28th day of July, 2010.

_____
UNITED STATES DISTRICT JUDGE